# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| United States of America<br>v.<br>Silvia Ocampo Estrada,<br>a.k.a.: Silvia Ocampo-Estrada,<br>a.k.a.: Silvia Ocampo E.,<br>(A078 261 231)<br>*Defendant* | )<br>)<br>) Case No. 17-9392 MJ<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 10, 2017, in the County of Maricopa, in the District of Arizona, the defendant violated Title 8, U.S.C. § 1326(a), a felony, and Title 8, U.S.C. § 1325(a)(2) a class B misdemeanor, an offense described as follows:

**See Attachment A Incorporated By Reference Herein**

I further state that I am a Deportation Officer.

This criminal complaint is based on these facts:

**See Attached Statement of Probable Cause Incorporated by Reference Herein**

REVIEWED BY: Charles E. Bailey, P.S. for AUSA Sheila Phillips

☒ Continued on the attached sheet.

_____
Complainant's signature
Richard G. Prunty,
Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 15, 2017

_____
Judge's signature

Eileen S. Willett,
United States Magistrate Judge
*Printed name and title*

City and state: Phoenix, Arizona

# ATTACHMENT A

### Count 1

On September 10, 2017, Silvia Ocampo Estrada, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Nogales, Arizona, on or about April 13, 2000, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), a felony.

### Count 2

On September 10, 2017, at or near Phoenix, in the District of Arizona, Silvia Ocampo Estrada, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2), a class B misdemeanor.

## STATEMENT OF PROBABLE CAUSE

I, Richard G. Prunty, being duly sworn, hereby depose and state as follows:

1. Your affiant is a Deportation Officer with United States Immigration and Customs Enforcement (ICE). I have learned from direct participation in the investigation and from the reports and communications of other agents and officers the facts recited herein.

2. On September 10, 2017, Silvia Ocampo Estrada was booked into the Maricopa County Jail (MCJ) by the Phoenix Police Department on local charges. While incarcerated at the MCJ, Ocampo Estrada was examined by ICE Officer M. Kinter who determined her to be a Mexican citizen, illegally present in the United States. On the same date, an immigration detainer was lodged with the MCJ. On September 13, 2017, Ocampo Estrada was released from the MCJ and transported to the Phoenix ICE office for further investigation and processing. Ocampo Estrada was held in administrative custody until her criminal and immigration records could be obtained and her identity confirmed.

3. Immigration history checks revealed Silvia Ocampo Estrada to be a citizen of Mexico and a previously deported alien. Ocampo Estrada was removed from the United States to Mexico through Nogales, Arizona, on or about April 13, 2000, pursuant to an order of removal issued by an immigration official. There is no record of Ocampo Estrada in any Department of Homeland Security database to suggest that she obtained permission from the Secretary of the Department of Homeland Security to

2

return to the United States after her removal. Ocampo Estrada's immigration history was matched to her by electronic fingerprint comparison.

4. Furthermore, there is no record of Silvia Ocampo Estrada in any Department of Homeland Security database to suggest that after her last removal from the United States she entered the United States at an official Port of Entry. Had Ocampo Estrada presented herself at a Port of Entry, Department of Homeland Security records likely would reveal that information. Accordingly, your affiant believes that Ocampo Estrada entered the United States at a location not designated as an official Port of Entry, and thereby eluded examination and inspection by Immigration Officers of the United States. Ocampo Estrada's immigration history was matched to her by electronic fingerprint comparison.

5. On September 13, 2017, Silvia Ocampo Estrada was advised of her constitutional rights. Ocampo Estrada freely and willingly acknowledged her rights and declined to make any further statements.

6. For these reasons, this affiant submits that there is probable cause to believe that on or about September 10, 2017, Silvia Ocampo Estrada, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Nogales, Arizona, on or about April 13, 2000, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a) and on September 10, 2017, at or near Phoenix, in the District of Arizona, Silvia Ocampo

3

Estrada, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2).

_____
Richard G. Prunty,
Deportation Officer,
Immigration and Customs Enforcement

Sworn to and subscribed before me
this 15th day of September, 2017.

_____
Eileen S. Willett,
United States Magistrate Judge